IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CATHY WHITE RICE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 09-2021-STA |
| | ) |
| BRIAN ASKINS and | ) |
| MUTUAL OF OMAHA INSURANCE | ) |
| COMPANY, | ) |
| | ) |
|     Defendants. | ) |

## ORDER GRANTING MOTION TO DISMISS

Before the Court is Defendant Brian Askins Motion to Dismiss (D.E. #9) filed on February 17, 2009.  For the reasons set forth below, the Motion is **GRANTED**.

### BACKGROUND

This matter was removed from Tennessee state court on January 16, 2009.  Plaintiff's Complaint alleges that Defendants breached an agency contract with Plaintiff.  According to Plaintiff, the contract employed Plaintiff as a sales representative of Defendant Mutual of Omaha in the Memphis area.  Compl. ¶ 4.  Defendant Brian Askins acting on behalf of Defendant Mutual of Omaha negotiated the contract with Plaintiff.  *Id*. at ¶¶ 9-10.  The Complaint alleges that Defendant Mutual of Omaha breached the terms of the contract Plaintiff had negotiated with Askins.  *Id*. at ¶ 11.

Defendant Askins has filed the instant Motion to Dismiss for failure to state a claim upon which relief may be granted.  Askins argues that he was not a party to the contract at issue, and

so Plaintiff cannot now assert a claim for breach of contract against him.  Askins signed the contract in his representative capacity on behalf of Defendant Mutual of Omaha.  Askins contends that under Tennessee law a corporate officer may avoid individual liability on a contract where "the corporate name is signed and is followed directly by the names of the officers of the corporation to which are added words denoting their representative capacity."  In this case the contract between Defendant Mutual of Omaha and Plaintiff shows the word "COMPANY" in the signature line followed below by the word "BY:" and the signature of Askins.  Below Askins' signature is the description "Field Representative."  According to Askins, it is clear then that he signed the contract in his representative capacity on behalf of Defendant Mutual of Omaha and was a not a party to the agreement.  In a footnote, Defendant Askins also argues that any oral promise Askins might have made to Plaintiff during the negotiations and prior to the execution of the contract should be deemed merged into the contract and is now barred by the parol evidence rule.  Therefore, Plaintiff has failed to state a claim for breach of contract against him.

In response, Plaintiff appears to concede that Askins is not liable to her for breach of the contract.  Plaintiff argues that if Mutual of Omaha is not liable to her for breach of contract because Askins exceeded his authority during the negotiations, then Askins is liable for misrepresentation, promissory estoppel, negligent representation, inducement, and fraud.  Plaintiff seeks leave from the Court to amend her complaint to include these personal causes of action against Askins.  The Court notes that Plaintiff subsequently filed a motion to amend on April 1, 2009.

**STANDARD OF REVIEW**

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6).  When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the complaint as true and construe all of the allegations in the light most favorable to the non-moving party.[1] However, legal conclusions or unwarranted factual inferences need not be accepted as true.[2] "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim."[3] "The Federal Rules of Civil Procedure do not require a claimant to set out in detail all the facts upon which he bases his claim."[4]

The Supreme Court has more recently stated that the Federal Rules "do not require a heightened fact pleading of specifics, but only enough facts to state a claim that is plausible on its face."[5] The Sixth Circuit has subsequently acknowledged "[s]ignificant uncertainty" as to the intended scope of *Twombly*.[6] Consequently, the Sixth Circuit has articulated the following as the

---

[1] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992).

[2] *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

[3] *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 889, 902 (6th Cir. 2003).

[4] *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

[5] *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) ("retiring" the "no set of facts" standard first announced in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

[6] *Weisbarth v. Geauga Park Dist.,* 499 F.3d 538, 541 (6th Cir.2007); *see also Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.,* 508 F.3d 327, 337 (6th Cir.2007) ("We have

standard of review for 12(b)(6) motions: on a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."[7] Thus, although the factual allegations in a complaint need not be detailed, they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief."[8]

## ANALYSIS

For the reasons stated in Defendant Askins' brief, the Motion to Dismiss the breach of contract claims against him is granted. Plaintiff does not dispute that Askins signed the contract as the representative of Mutual of Omaha and was not a party to the agreement in his personal capacity. The Court agrees. It is clear from the face of the contract that Askins did not sign the document in his individual capacity. Under Tennessee law then Askins cannot be held personally liable for breach of the contract. Therefore, the Motion to Dismiss the breach of contract claim against Askins is **GRANTED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: April 15th, 2009.

---

noted some uncertainty concerning the scope of *Bell Atlantic Corp. v. Twombly,* ... in which the Supreme Court 'retired' the 'no set of facts' formulation of the Rule 12(b)(6) standard ....").

[7] *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.,* 501 F.3d 493, 502 (6th Cir. 2007) (quoting *Twombly,* 127 S.Ct. at 1974 (2007)).

[8] *League of United Latin Am. Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir.2007) (emphasis in original) (citing *Twombly,* 127 S.Ct. at 1964-65).